UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAULA ZELESNIK,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al.,
    Defendants.

Case No. 1:18-cv-685
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se action against the Cities of Cincinnati, Ohio and Covington, Kentucky, the Cincinnati Enquirer, "Ch 12," "Ch 9," "all police departments and fire departments," U.S. Bank, Edwards Road, "all Norwood Cops," and others alleging violations of her rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following:

> [F]elonious assault, rape and attempted murder July 5, 6, 2018 Michigan Ave outside w/photos & videos from Knox Presbyterian Church to Channel 9 Gilbert Ave and videos at UC ER, the Christ Hospital, body cams of Districts 1 & 2 Jaworski (see Zumstein Ave trip to psych ward for rape) Anton & Omalley false reporting and false incarceration w/death threats and threats of beating w/baton
>
> For putting bad military and commercial jet engines in the air since 1989 by Chris C. Glynn, Rich Jendrix, Tom T. Wallace and Corbett Caudell.
>
> [F]alse reporting by Cincinnati ensuring the safety of pilots & passengers on Southwest, Jet Blue, Delta, F35, WOW, J Williams, P Daugherty, all coolidges, president@enquirer.com.

(Doc. 1-1 at PAGEID#: 6). As relief, plaintiff seeks a "jury trial in DC. . . ." (*Id.* at PAGEID#: 7).

Plaintiff's pro se complaint is rambling, difficult to decipher, and virtually incomprehensible. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations generally amount to legal conclusions that in themselves are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's claims. *Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

3

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/3/18

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAULA ZELESNIK,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al.,
    Defendants.

Case No. 1:18-cv-685
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).